UNITED STATES DISTRICT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARCO RAMIREZ,<br><br>　　　　　Plaintiff,<br>vs.<br><br>WINTER BLUES, INC. IN PERSONAM; THE F/V WINTER BLUES, OFFICAL NUMBER 612146, HER ENGINES, MACHINERY, APPURTENANCES AND CARGO, IN REM,<br><br>　　　　　Defendants. | Case No.<br><br>AT LAW AND IN ADMIRALTY<br><br>**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, Marco Ramirez, brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 30103, 30104 – the Jones Act, U.S. Const. Art. III, sec. 2, and the general maritime law.

2. Plaintiff is a resident of Alaska. On information and belief, the in personam defendant does business in King County, Western District of Washington.

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 1
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:20-cv-00002-SLG   Document 1   Filed 12/13/19   Page 1 of 5

4. Defendant herein, Winter Blues, Inc., is a corporation existing under and by virtue of the laws of a state or states unknown to plaintiff and at all times herein mentioned was acting by and through its officers, agents, servants, employees and representatives, and is doing business in the Western District of Washington.

5. The F/V Winter Blues is a fishing vessel documented by the United States, official number 612146. Said vessel has her home port in the Western District of Washington or will be found in the Western District of Washington during the pendency of this action. During all times herein mentioned said vessel was owned or bareboat chartered by the defendants and was engaged in maritime commerce.

6. At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of said vessel and was at all times acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

7. On or about July 10, 2019 while said vessel was in navigable waters, plaintiff was in an awkward position when he had to quickly dodge an approaching net, and did thereby sustain severe, painful and disabling injuries to his right knee, and other injuries not fully known at this time. Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

8. Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees; and the failure of the defendants to provide a reasonably safe place to work, in one or more of the following respects: Plaintiff had to bleed fish on his hands and knees instead of standing up due to improper equipment for the bleeding of fish. The

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 2 CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington 98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

Case 3:20-cv-00002-SLG   Document 1   Filed 12/13/19   Page 2 of 5

1 awkward position caused him to injure his knee when he was forced to jump out of the way of
2 an approaching net.

3     9.    As a direct and proximate result of the foregoing, plaintiff was caused to and did
4 incur reasonable charges for medical care and attention.  Plaintiff does not know the reasonable
5 value of said medical care and attention already rendered or to be rendered in the future and
6 therefore, prays leave to amend this complaint to show the same.

7     10.    As a further result of the foregoing, plaintiff was rendered unable to engage in his
8 normal and usual occupation from July 2019 to date.  Plaintiff may later be unable to engage in
9 his normal and usual occupation and prays leave to amend this complaint to allege the full extent
10 of said loss when the same is ascertained.

11     11.    Plaintiff is being paid maintenance at the rate of $53 per day.  Plaintiff requires
12 $68 per day to pay for the basic necessities of his mortgage, utilities and food expense.  An
13 increase in maintenance has been demanded and denied.  The failure to pay adequate
14 maintenance has caused additional damages to the plaintiff whether or not the failure to pay was
15 reasonable under the circumstances.  Plaintiff is entitled to compensatory damages – including
16 contingent attorney fees – for the negligent failure to pay adequate maintenance and cure.
17 Plaintiff is entitled to reasonable attorney fees for the arbitrary and capricious failure to pay
18 adequate maintenance and cure.  Plaintiff is entitled to punitive damages for the willful and
19 wanton failure to pay adequate maintenance and cure.

20     12.    Plaintiff has been forced to pay part of the expenses of his cure through Medicaid
21 or out of his own pocket.  Plaintiff demands reimbursement.  Plaintiff further demands the actual
22 cost of cure until the plaintiff is fully cured, and if never cured, plaintiff demands the cost of cure
23 for the remainder of plaintiff's natural life.

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 3 CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:20-cv-00002-SLG   Document 1   Filed 12/13/19   Page 3 of 5

13. Plaintiff claims entitlement to his share of the price adjustment from the 2019 Bristol Bay Salmon Season.

14. Eighty-nine (89) days following the filing of this action, plaintiff waives the physician-patient privilege, under protest, and only on condition that the Court holds that a waiver is required in this case. This waiver is made pursuant to RCW 5.60.060(4)(b), as amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules. Specifically, plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not reasonably calculated to lead to the discovery of admissible evidence. This waiver is made subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy grounds, and the applicability of said statute to federal causes of action brought in federal court.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3. For general damages, including damages for loss of consortium, as are reasonable and fair;

4. For such special damages, including found, as may be shown by the proofs herein;

5. For additional maintenance and cure, and for consequential and punitive damages for failure to pay same;

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 4
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:20-cv-00002-SLG   Document 1   Filed 12/13/19   Page 4 of 5

6. For the plaintiff's share of any price adjustment from the 2019 Bristol Bay Salmon Season;

7. For pre-judgment interest on all claims as is in the law provided;

8. For costs of suit and reasonable attorney fees;

9. For such other and further relief, including punitive damages, as is met and just in the circumstances.

Dated this 13th day of December. 2019.

LAW OFFICE OF JOHN MERRIAM

By: /s/ John W. Merriam
John W. Merriam, WSBA #12749
4005 20th Avenue West, Suite 110
Seattle, WA 98199
Telephone: (206) 729-5252
Fax: (206) 729-1012
Email: john@merriam-maritimelaw.com
*Attorney for Plaintiff Marco Ramirez*

I am the attorney for the plaintiff in this action and have knowledge of the matters asserted in the above complaint based upon information provided by the plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations of the above complaint are true and correct to the best of my knowledge and belief.

DATED at Seattle, Washington this 13th day of December, 2019.

/s/ John W. Merriam
John W. Merriam

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 5
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:20-cv-00002-SLG   Document 1   Filed 12/13/19   Page 5 of 5