UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARCO RAMIREZ,<br><br>   Plaintiff,<br><br>  vs.<br><br>WINTER BLUES, INC., *in personam*;<br>THE F/V WINTER BLUES, OFFICIAL<br>NO. 612146, HER ENGINES,<br>MACHINERY, APPURTENANCES AND<br>CARGO, *in rem*,<br><br>   Defendant. | No. 3:20-cv-00002-SLG-DMS<br><br>**REPORT AND RECOMMENDATION[1] TO DENY PLAINTIFF'S MOTION FOR MAINTENANCE WHILE IN JAIL [Dkt. 45]** |

## I. INTRODUCTION

Plaintiff Macro Ramirez seeks an award of $756.32 in back maintenance for the 16 days he was in jail (Dkt. 45 at 1). Ramirez has been provided maintenance from defendant F/V Winter Blues since his alleged injury, however, the defendant ceased payments while Ramirez was incarcerated for 16 days (Dkt. 45 at 2). The defendant resumed payments after Ramirez was released from jail. (Dkt. 45 at 2). Ramirez requests $756.32; this amounts to a per diem rate of $47.27 per day for the 16 days (the $59.41 per diem rate determined by the Court, less the $12.14 food allowance) (Dkt. 45 at 2).

The defendant responded in opposition, asserting that Ramirez is not entitled to any per diem while in jail, since Ramirez "did not actually incur expenses for room and board," instead room and board was provided to Ramirez at no cost (Dkt. 50 at 1).

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to 28 U.S.C. § 636 (b)(1)(C), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

*Ramirez v. Winter Blues*
No. 3:20-cv-00002-SLG-DMS
R&R re Mtn for Maintenance While in Jail  1

Case 3:20-cv-00002-SLG-DMS  Document 55  Filed 05/07/21  Page 1 of 6

Ramirez replied to the defendant's response, stating that his mortgage payments amount to actual incurred expenses sufficient to trigger maintenance from the defendant to cover those expenses, even if they were not incurred for his room and board during that time (Dkt. 52 at 1-2). He asserts that "[a] seaman's mortgage (or rent) is payable even during the seaman's relatively short stints in jail" (Dkt. 52 at 2).

For the following reasons, the Court recommends that the District Court **DENY** the plaintiff's motion.

## II. BACKGROUND

On or around July 10, 2019, Ramirez allegedly suffered a knee injury while in the service of fishing vessel Winter Blues and was unable to return to work (Dkt. 19-1 at 1). Ramirez filed a claim for seaman's benefits with Bristol Bay Reserve (Dkt. 21 at 1). Bristol Bay Reserve appraised his daily maintenance payment at $53 (Dkt. 21-4). Ramirez brought this action to dispute the daily maintenance payment amount to which he was entitled (Dkt. 1 at 3).

In dispute was Ramirez's per diem allowance for housing. Ramirez's actual monthly mortgage costs are $1,204, however, the defense provided evidence that the average cost of renting a two-bedroom apartment in Homer is between $1,139 and $1,148 per month (Dkt. 26 at 7, 9). Since Ramirez offered no proof that this figure was unreasonable, the Court found that Ramirez was entitled to $1,148 per month for housing expenses (Dkt. 26 at 9). The Court found that what Ramirez actually paid for his mortgage was not dispositive, since maintenance includes costs actually incurred by a seaman for his lodging, up to a reasonable point, here, the average monthly rent for a two-bedroom apartment in Homer (Dkt. 26 at 8-9).

On September 11, 2020, the District Court adopted the Magistrate Judge's Report and Recommendation, granting partial summary judgement on the per diem rate of maintenance

(Dkt. 29 at 1). Ramirez's daily maintenance amount was set at $59.41 by the Court (Dkt. 29 at 2). This figure reflects the following: $370.30 per month for food costs, $1,148 per month for housing, $117 per month for residential electricity, and $147 per month for natural gas (Dkt. 26 at 6, 9). This totals $1,782.30, which was then divided by 30 (the average number of days per month) to reach a daily per diem amount of $59.41 (Dkt. 26 at 6).

### III. APPLICABLE LAW

Seamen injured in the course of their employment are entitled maintenance and cure benefits. *Calmar S. S. Corp. v. Taylor*, 303 U.S. 525, 527-28 (1938). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). "The meaning of the phrase 'maintenance and cure' is plain. By the custom of the sea the hiring of sailors has for centuries included food and lodging at the expense of the ship. This is their maintenance." *The Bouker No. 2*, 241 F. 831, 835 (2d Cir. 1917).

"In keeping with its historical purpose, the duty to provide maintenance and cure extends only as far as the seaman's needs. Recovery by a seaman has therefore been limited to amounts actually expended or liabilities actually incurred by him for his maintenance and cure." *Martinez v. Star Fish & Oyster Co.*, 386 F. Supp. 560, 563 (S.D. Ala. 1974) (citing *Calmar S. S. Corp.*, 303 U.S. at 530; *United States v. Johnson*, 160 F.2d 789, 798 (9th Cir. 1947) *aff'd in part*, *rev'd in part*, 333 U.S. 46, 50 (1948)). "[A]bsent any proof that the [seaman] actually paid anything for maintenance or obligated himself to such payment, he is not entitled to recover." *Ballard v. Alcoa S. S. Co.*, 122 F. Supp. 10, 11-12 (S.D. Al. 1954).

Because food and lodging is provided to a person without cost while they are incarcerated, an injured seaman is not entitled to maintenance payments while in jail. *Ballard*,

122 F. Supp. at 12; *Martinez*, 386 F. Supp. at 563. This is true of other situations where a seaman did not incur expenses for his maintenance. *See Johnson*, 160 F.2d at 798 (finding that no maintenance was due when the seaman "failed to establish that he had incurred any expense or obligation for necessary maintenance while he lived with his parents"); *see also Williams v. United States*, 228 F.2d 129, 134 (4th Cir. 1955) (explaining "[t]he rule of maintenance is a substitute for room and board, all of which has been provided" to an injured seaman who was admitted to a public health hospital at no cost to him, and therefore he was not entitled to maintenance); *see also Marine Drilling, Inc. v. Landry*, 302 F.2d 127, 128 (5th Cir. 1962) (holding that a minor living at home at no expense was not entitled to maintenance since "one who has not paid his own expenses, whether a minor living at the home of his parents or otherwise, cannot recover maintenance and cure from the ship owner").

## IV.  DISCUSSION

Ramirez concedes that during the 16 days he was incarcerated he did not have to pay for food as it was provided to him, and therefore he is not entitled to the $12.14 per day for food costs on those days. However, he asserts that even though his lodging was also provided during that time, he is entitled to the portion of his per diem for lodging, $47.27 per day, because he still had to pay his mortgage and utilities during those 16 days.

A seaman is "limited to amounts actually expended or liabilities actually incurred by him *for his maintenance*." *Martinez*, 386 F. Supp. at 563 (emphasis added). Ramirez contends that he actually incurred costs on his mortgage and utilities while he was in jail, however, those costs were not incurred *for his maintenance*, that was provided to him by the Homer Jail. Maintenance is not a substitute for a seaman's earnings; maintenance entitlements were created to substitute for the loss of food and lodging that would have been supplied to a seaman while at sea. *The*

*Bouker No. 2*, 241 F. 831, 835 (2d Cir. 1917). **Here, Ramirez would be paying his monthly mortgage payments even if he was being provided lodging while at sea**. Prior cases make clear that a seaman is not entitled to maintenance while in jail. The fact that a seaman carries a home mortgage does not create an additional entitlement beyond its historical limit: actual expenses incurred *for maintenance*.

Ramirez asks the Court to "to take another look at [the] assumption . . . that maintenance is not payable while a seaman is in jail," stating that such assumption stems from the old stereotype that seamen were "improvident and profligate, thoughtless about the circumstances of living more than a single day in advance" (Dkt. 45 at 2). Ramirez asserts that modern-day seamen are not like those early stereotypes; they have mortgages and utility bills (Dkt. 45 at 2). However, these same assumptions have justified the liberal application of maintenance and cure benefits provided to injured seamen, a system unique to any other profession. *See Vaughan*, 369 U.S. at 531 (citing *Calmar S.S. Corp.*, 303 U.S. at 528) (explaining the reasons underlying courts' liberal application of maintenance and cure include "[t]he protection of seamen, who, as a class, are poor, friendless and improvident"). Ramirez asks the Court to remove a limit on maintenance and cure and allow him to receive maintenance to cover his mortgage and utility payments while he was incarcerated because this limit stems from an outdated stereotype. However, he still seeks to benefit from the unique entitlements of maintenance and cure grounded in the same historical assumptions. The Court is not persuaded.

//

//

//

*Ramirez v. Winter Blues*
No. 3:20-cv-00002-SLG-DMS
R&R re Mtn for Maintenance While in Jail 5

## V. CONCLUSION

For the foregoing reasons, the Court recommends that the District Court **DENY** the plaintiff's Motion for Maintenance While in Jail at Docket 45.

DATED this 7th day of May, 2021 at Anchorage, Alaska.

<i>/s/Deborah M. Smith</i><br>
CHIEF U.S. MAGISTRATE JUDGE